MITCHAEL MARGUES, PLAINTIFF-RESPONDENT, v. LEWIS MIR, DEFENDANT-APPELLANT.

Decided October 20, 1925.

Evidence—Translation of Foreign Letter—Partial Translation Objected to—If Objection Was Valid It Was Removed by the Interpreter, Who, on Cross-examination, With Apparent Acquiescence of Counsel, Translated the Remaining Part of Letter.

On appeal from the Hudson County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Joseph M. Alsofrom* (*Morris W. Lieberman,* of counsel).

For the respondent, *Alex. R. Desevo* (*Alexander Simpson,* of counsel).

PER CURIAM.

This is an appeal from a judgment of the Hudson County Common Pleas Court in favor of the plaintiff and against the defendant for the sum of $2,120.

Although there are three grounds of appeal set forth in the state of the case, the only one argued and relied upon in the brief of counsel of appellant is the second ground, which

relates to an alleged overruling by the trial judge of an objection made by defendant's counsel to the following question: "*Q.* Will you tell me whether or not that paper which you hold in your hands is a true translation which you made at your leisure with books of reference before you, and which you could make more accurately than by a mere off-hand sight translation." A reference to the printed case does not disclose that this question was objected to. It was answered by the witness in the affirmative, and, thereupon, plaintiff's counsel put to the witness the following question: "*Q.* Now, tell us what is the exact translation of that paragraph in so far as it relates to the loss of the notes." This question was objected to upon the ground that the question did not call for a full translation, and that the witness had already made a translation on the stand, and that the defendant's counsel should have an opportunity to examine and ascertain whether it is a better or fair translation. Thereupon the court directed the paper to be handed to the defendant's counsel so that his client could examine the translation to ascertain whether it was a better or fair translation. This direction was complied with, and after such examination defendant's counsel said: "I object still that the question calls for only a translation of part of the original letter, and also that the translation referred to here is only a part of the original letter." The court said: "I will allow the matter to stand as it is," to which ruling an exception was taken.

The original letter was written in Spanish by the defendant, who admitted writing the same to the plaintiff. It is to be observed that the objection to the question was based upon the ground that the translation about to be read by the interpreter was of only a part of the letter, but even if this objection was a valid one, the error, if any, in the ruling, was cured, when the interpreter, upon cross-examination by defendant's counsel, in relation to the translation of the letter, was asked by plaintiff's counsel to translate and read the rest of the letter, which was done with the apparent acquiescence of defendant's counsel. The judgment is affirmed, with costs.